J-A11013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
EDWIN COLON :
:
Appellant : No. 528 MDA 2023

Appeal from the Judgment of Sentence Entered November 22, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000650-2020

BEFORE:  BOWES, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY BOWES, J.:                 **FILED: MAY 16, 2024**

Edwin Colon appeals from the aggregate judgment of sentence of ten to twenty years in prison following his convictions of, *inter alia*, rape and involuntary deviate sexual intercourse ("IDSI").  We vacate Appellant's judgment of sentence and convictions and remand for a new trial.

We glean the following from the certified record.  Appellant and the victim were married and living together.  On August 20, 2019, the victim sent a text message to her coworker, requesting that someone call the police because she was being assaulted by Appellant.  The coworker complied, and police responded to the residence that afternoon.  The officers interviewed the victim with the assistance of a neighbor who acted as a translator, since the victim only spoke Spanish.  The victim indicated that on numerous occasions earlier that day and the day before, Appellant vaginally raped her, forced her

to perform oral sex on him, and physically assaulted her. Appellant, who was present when police arrived, was arrested after a brief struggle with officers.

The victim went to the hospital the same day and underwent a sexual assault examination, wherein she provided a summary of the assaults to the reporting nurse. The nurse determined that the victim had vaginal tearing. After she was treated, the victim proceeded to the Plymouth Borough Police Station and provided an audio recorded statement. Law enforcement used a bilingual officer to translate. The statement recounted the same information relayed to officers earlier that day.

Based on the above, Appellant was charged with numerous offenses. Throughout the prosecution of the case, however, the Commonwealth came to learn that the victim was not willing to testify at the non-jury trial. The court summarized the following:

> At the time of trial, the Commonwealth attempted to present the testimony of the victim. Rather than testify, the victim invoked her right to remain silent pursuant to the Fifth Amendment to the United States Constitution. . . . The Commonwealth then declared the victim to be unavailable as a witness and indicated that her recorded statement [to police] would be played for the [c]ourt. Defense counsel objected to the admission of the victim's statement on several occasions. His objections were based on [hearsay and] the Sixth Amendment's right to confrontation and cross-examination. The recorded statement was played and admitted into evidence as a Commonwealth exhibit.

Trial Court Opinion, 6/1/23, at unnumbered 2-3. The Commonwealth also introduced the medical records pertaining to the victim's sexual assault examination.

At the conclusion of trial, the court found Appellant guilty of one count each of rape, IDSI, sexual assault, and simple assault, as well as two counts of indecent assault. Appellant was later sentenced as indicated hereinabove.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant presents us with five issues:

> I.     Was the evidence at trial insufficient to prove the charges of rape, IDSI, sexual assault, both counts of indecent assault[,] and simple assault?
>
> II.    Did the trial court err in admitting the recorded statement of [the victim] because that statement was inadmissible hearsay?
>
> III.   Did the trial court violate Appellant's right to confront his accuser, secured by the United States and Pennsylvania constitutions, by allowing the Commonwealth to introduce [the victim]'s out-of-court recorded statement into evidence?
>
> IV.    [Were t]he verdicts against the weight of the evidence where the witnesses for the Commonwealth were contradictory, inconsistent, and unreliable that it could not be trusted?
>
> V.     Did the trial court deny Appellant of a fair trial requiring a new trial in the interests of justice and for fundamental fairness?

Appellant's brief at 11 (cleaned up).

Appellant's first claim attacks the sufficiency of the evidence as to all his convictions. We consider Appellant's position mindful of the following well-settled standard of review:

> When reviewing a [sufficiency] claim, we face a question of law. Accordingly, our standard of review is *de novo*. We view the evidence in the light most favorable to the Commonwealth, as the verdict winner, and we draw all reasonable inferences therefrom in the Commonwealth's favor. Through this lens, we must ascertain whether the Commonwealth proved all of the elements of the crime at issue beyond a reasonable doubt.

- 3 -

The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, we may not weigh the evidence and substitute our judgment for the factfinder. Any doubts regarding a defendant's guilt may be resolved by the factfinder, unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact may be drawn from the combined circumstances.

*Commonwealth v. Roberts*, 293 A.3d 1221, 1223 (Pa.Super. 2023) (cleaned up).

A victim's credible testimony is, by itself, sufficient to uphold a conviction. *See Commonwealth v. Johnson*, 180 A.3d 474, 481 (Pa.Super. 2018) (holding that "the uncorroborated testimony of a single witness is sufficient to sustain a conviction for a criminal offense, so long as that testimony can address and, in fact, addresses, every element of the charged crime"). Critically, we have observed that "in conducting our analysis, we consider all of the evidence actually admitted at trial and do not review a diminished record. Consequently, our examination is unaffected by our subsequent resolution of the evidentiary issues raised by [the a]ppellant." *Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa.Super. 2011) (citation omitted).

As noted, Appellant challenges every one of his convictions on appeal. *See* Appellant's brief at 18-21. However, instead of identifying any specific element of these crimes that was purportedly unproven, he argues that the evidence was insufficient to prove these crimes in *toto* because the court erroneously admitted the victim's recorded statement to police and the

medical records from the sexual assault examination. *Id*. at 20. In other words, Appellant does not contest that the evidence **as admitted** was insufficient, but rather that key evidence should not have been admitted, and that without it, the convictions cannot stand.[1]

We readily conclude that this argument must fail. As we articulated, our review of sufficiency claims considers "all of the evidence actually admitted at trial[.]" *Koch*, 39 A.3d at 1001. Accordingly, the scope of our review entails the victim's recorded statement to police, which outlined that on the two days in question, Appellant struck the victim numerous times, forced her to engage in sexual intercourse against her will, and forced her to perform oral sex on him. We also consider the medical records, which contained a summary of the events written down by the examining nurse and indicated that the victim suffered vaginal tearing.

Appellant advances no argument as to why this evidence was insufficient to prove any particular conviction or element of a conviction. It is not the duty of this Court to develop Appellant's argument for him. *See Commonwealth v. Freeman*, 128 A.3d 1231, 1249 (Pa.Super. 2015)

_____

[1] The trial court did not address this claim on appeal. Instead, as will be discussed more in the body of this memorandum, it found merit in two of Appellant's evidentiary claims, and therefore requested that the matter be remanded for a new trial. *See* Trial Court Opinion, 6/1/23, at unnumbered 4-5. For its part, the Commonwealth filed a letter in this Court in lieu of a brief, also agreeing with the court that the matter should be remanded for a new trial based upon the same evidentiary issues.

(noting that "[w]hile this Court may overlook minor defects or omissions in an appellant's brief, we will not act as his or her appellate counsel"). Therefore, we find that the evidence admitted at trial was sufficient to sustain his convictions.

Appellant next contends that the court erred in admitting the victim's recorded police statement at trial because it constituted inadmissible hearsay, and that this matter should be remanded for a new trial. *See* Appellant's brief at 21-24. We note that "[o]ur standard of review for evidentiary rulings, including the admission of hearsay, is abuse of discretion." *Commonwealth v. Luster*, 234 A.3d 836, 838 (Pa.Super. 2020) (citation omitted).

Our High Court has observed that "[t]o constitute hearsay, a statement first must be uttered out-of-court, and then it must be offered in court for the truth of the matter asserted in the statement." *Commonwealth v. Fitzpatrick*, 255 A.3d 452, 458 (Pa. 2021). While hearsay is generally inadmissible, "[f]acially inadmissible hearsay still may be introduced as substantive evidence for the truth of the matter asserted if the statement falls under one of numerous exceptions to the general hearsay proscription." *Id*. The exception relied upon by the Commonwealth at trial relates to former testimony and is found at Pa.R.E. 804(b)(1), which provides thusly:

> The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness:
>
> (1) *Former Testimony*. Testimony that:

> (A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and
>
> (B) is now offered against a party who had—or, in a civil case, whose predecessor in interest had—an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

Pa.R.E. 804(b).

Further, we bear in mind that if evidence is erroneously admitted, we are required to vacate the order on review for correction "unless we are convinced beyond a reasonable doubt that the error is harmless." *Commonwealth v. Murray*, 248 A.3d 557, 576 (Pa.Super. 2021) (cleaned up). In that vein:

> An error cannot be held harmless unless the appellate court determines that the error could not have contributed to the verdict. Whenever there is a reasonable possibility that an error might have contributed to the conviction, the error is not harmless. The Commonwealth bears the burden of proving that the error was harmless beyond a reasonable doubt.

*Fitzpatrick*, 255 A.3d at 483 (cleaned up).

Appellant acknowledges that when the victim asserted her Fifth Amendment privilege not to testify, she became an "unavailable" witness, just as the Commonwealth declared at trial. *See* Appellant's brief at 23. However, he argues that the victim's recorded statement to police did not fall within the exception pursuant to Pa.R.E. 804(b)(1), as it was not "prior testimony" at a prior trial, hearing, or deposition. *Id*. at 24.

In its Rule 1925(a) opinion, the trial court agreed, concluding that while the victim was correctly determined to be unavailable as a witness, the statement did not meet the exception concerning prior testimony. *See* Trial Court Opinion, 6/1/23, at unnumbered 4. The court further determined that the error was not harmless because "[t]he recorded statement was necessary to convince this [c]ourt that the Commonwealth had met its burden of proof." *Id*. at unnumbered 5-6. Accordingly, both Appellant and the trial court request that the case be remanded for a new trial.

Upon review, we agree that the recorded statement of the victim was erroneously admitted. Since the statement was given in the context of a police interview and not at a hearing or deposition, it did not qualify as "former testimony." *See Commonwealth v. Rivera*, 238 A.3d 482, 496 (Pa.Super. 2020) (stating that the videotaped police interview of the victim's daughter did not satisfy any hearsay exception pursuant to Pa.R.E. 804, including the former testimony exception). Additionally, as counsel for Appellant noted several times at trial, Appellant never had the opportunity to cross-examine the victim as to these statements in any legal proceeding. *See Commonwealth v. Rolan*, 964 A.2d 398, 405 (Pa.Super. 2008) ("[I]n order for a witness's prior testimony to be admissible . . . , the defendant against whom the testimony is to be admitted at a subsequent proceeding **must have been afforded a full and fair opportunity to cross-examine the witness** at the first proceeding." (cleaned up, emphasis added)). The court thus

improperly concluded that the Pa.R.E. 804(b) exception to the rule against hearsay applied.[2]

Moreover, we find that the error in admitting this statement was not harmless. Initially, by conceding that Appellant is entitled to relief, the Commonwealth cannot meet the burden placed upon it to demonstrate that any error was harmless. *Fitzpatrick*, 255 A.3d at 483. Further, in light of the trial court's explicit acknowledgment that it relied upon the recording in rendering its judgment against Appellant, there was more than a "reasonable possibility that [this] error might have contributed to the conviction." *Id*. We note that the victim was purported to be the only eyewitness to the incidents of sexual and physical violence. Without the recorded statement or any other testimony from the victim, there was not overwhelming evidence introduced at trial supporting the various charges. *See*, *e.g.*, *Commonwealth v. Roman-Rosa*, 311 A.3d 564, 2023 WL 8451800, *9 (Pa.Super. 2023) (non-precedential decision) ("The fact that credibility is paramount in sexual abuse cases renders it virtually impossible for this Court to state that the evidence of guilt was so overwhelming, as this would entail an evaluation of [the witness]'s credibility"). Since the Commonwealth did not prove that the error

---

[2] Furthermore, based on our review, we do not find applicable any other hearsay exceptions enumerated at Pa.R.E. 803 (relating to exceptions that are permissible regardless of whether the declarant is available as a witness) or Pa.R.E. 804 (listing exceptions that apply only when the declarant is unavailable as a witness).

was harmless beyond a reasonable doubt, we vacate the judgment of sentence and remand for a new trial.[3]

Judgment of sentence and convictions vacated. Case remanded for a new trial. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/16/2024

---

[3] With respect to Appellant's remaining issues on appeal, his requested relief was for a new trial. *See*, *e.g.*, Appellant's brief at 27, 29. Since we grant that relief, we do not address those claims.