2023 PA SUPER 36

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WILLIAM ALBERT ROBERTS | : | |
| | : | |
| Appellant | : | No. 301 WDA 2022 |

Appeal from the Judgment of Sentence Entered March 7, 2022
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0001543-2021

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

OPINON BY KUNSELMAN, J.:                    **FILED: MARCH 6, 2023**

Willam Albert Roberts appeals from the judgment of sentence imposing five to ten years' incarceration after a jury convicted him of two counts of failing to comply with the registration requirements of the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.51-9799.75.[1]  Because a SORNA registrant violates by knowing that he failed to report, regardless of his subjective view of the duration of the underlying reporting obligation, we affirm.

On January 25, 2006, Roberts became a sexual-offender registrant due to a conviction in a previous proceeding.  **See** N.T., 3/7/2022, at 15-16.  The trial court classified him as a Tier III Offender under the existent registration statute.  **See id.** at 16.  Thus, Roberts became obligated to report annually to the Pennsylvania State Police for "the remainder of his lifetime."  **Id.**

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 4915.2(a)(1),(2).

According to the SORNA records that the State Police maintain in a statewide database, Roberts failed to appear for his annual reporting obligation in 2020 and also failed to report a change in his residence. *See id.* at 20, 33.

The Commonwealth charged him with two counts of failing to comply with SORNA. A jury convicted him, and the trial court sentenced him as described above. This timely appeal followed.

Roberts raises two issues:

1. Did the Commonwealth fail to present sufficient evidence to prove beyond a reasonable doubt that [Roberts] is a lifetime registrant?

2. Did the Commonwealth fail to present sufficient evidence to prove beyond a reasonable doubt that [Roberts] "knowingly" failed to register?

Roberts' Brief at 7. We address each issue in turn.

The two claims challenge the sufficiency of the evidence to convict Roberts of failure to comply with the SORNA-registration requirements. Thus, our scope and standard of review are the same for both issues. When reviewing a sufficiency-of-the-evidence claim, we face "a question of law." *Commonwealth v. Chambers*, 188 A.3d 400, 409 (Pa. 2018). Accordingly, our standard of review is "*de novo*." *Id.* We view the "evidence in the light most favorable to the Commonwealth, as the verdict winner, and we draw all reasonable inferences therefrom in the Commonwealth's favor." *Id.* "Through this lens, we must ascertain whether the Commonwealth proved all of the elements of the crime at issue beyond a reasonable doubt." *Id.*

"The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Gause*, 164 A.3d 532, 541 (Pa. Super. 2017) (*en banc*). Moreover, "we may not weigh the evidence and substitute our judgment for the factfinder." *Id.* at 540. "Any doubts regarding a defendant's guilt may be resolved by the factfinder, unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact may be drawn from the combined circumstances." *Id.* Critically, the jury, when ruling on "the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence." *Id.* at 541.

As for the substantive law, SORNA assigns registration requirements of varying durations to convicted sexual offenders. The statute ties the length of an offender's registration period to the severity and number of underlying crimes for which the offender has been convicted. *See* Pa.C.S.A. § 9799.55 (imposing ten-year-registration and lifetime-registration requirements for various offenders).

During a registration period, "offenders . . . shall . . . register with the Pennsylvania State Police upon release from incarceration, upon parole from a State or county correctional facility, or upon the commencement of a sentence of intermediate punishment or probation." 42 Pa.C.S.A. § 9799.56(a)(1)(ii). They "shall provide the Pennsylvania State Police with all current or intended residences, all information concerning current or intended

employment, and all information concerning current or intended enrollment as a student."  42 Pa.C.S.A. § 9799.56(a)(1)(iii).

Furthermore, sexual offenders:

> shall inform the Pennsylvania State Police within three business days of:
>
> (i) A change of residence or establishment of an additional residence or residences.
>
> \*     \*     \*
>
> (ii) A change of employer or employment location for a period of time that will exceed 14 days or for an aggregate period of time that will exceed 30 days during a calendar year, or termination of employment.
>
> (iii) A change of institution or location at which the person is enrolled as a student, or termination of enrollment.
>
> (iv) Becoming employed or enrolled as a student if the person has not previously provided that information to the Pennsylvania State Police.

42 Pa.C.S.A. § 9799.56(a)(2).

The registration obligations are ongoing.  Throughout the duration of a sexual offender's registration period, the "offender shall appear within 10 days before each annual anniversary date of the offender's initial registration . . . at an approved registration site to complete a verification form and to be photographed."  42 Pa.C.S.A. § 9799.60(b).  Thus, offenders must reappear, in person, to re-register annually.

A registrant who "knowingly fails to register with the Pennsylvania State Police as required under 42 Pa.C.S.A. § 9799.56 . . . [or to] verify [their] residence or be photographed as required under 42 Pa.C.S.A. § 9799.60" commits the crime of failure to comply with SORNA-registration requirements. 18 Pa.C.S.A. § 4915.2(a)(1),(2) (subsection numeration omitted). Here, the jury convicted Roberts of both types of failure to comply with SORNA, failure to report a change of address and failure to verify his address annually.

### 1. Proof of Lifetime Registration

Roberts claims there was insufficient evidence to prove he was a lifetime registrant under SORNA. He asserts his SORNA-registration requirement was only ten years in duration. In other words, he contends the Commonwealth failed to prove that he was a SORNA registrant when he failed to report his change of address and when he failed to verify his address in 2020.[2]

Roberts argues, "It is of significance that Trooper Janosko, without any firsthand knowledge of [Roberts'] case, mostly testified as to [the Pennsylvania State Police] overall procedure without testifying as to the specifics of this matter." *Id.* at 14. Roberts believes that the trooper's lack of personal knowledge renders his testimony in the Commonwealth's case-in-chief legally insufficient. He is incorrect.

---

[2] Roberts does not attempt to excuse his failure to re-register based upon the COVID-19 pandemic. In fact, it would seem that no such excuse is available, as a matter of law. "The occurrence of a natural disaster . . . shall not relieve an individual of the duty to register or any other duty imposed by this subchapter." 42 Pa.C.S.A. § 9799.55(c).

Trooper Janosko's lack of firsthand knowledge has no bearing on the legal sufficiency of his testimony. A witness's personal knowledge – or lack thereof – goes to the weight of the evidence that a jury may choose to afford his testimony, not to the legal sufficiency of that testimony to convict. *See*, *e.g., Commonwealth v. Bowen*, 55 A.3d 1254, 1262 (Pa.Super. 2012) (explaining that a claim witness was unreliable goes to the weight, not the sufficiency of the evidence). It was the right of the jury to decide Trooper Janosko's credibility and reliability, even in light of his lack of personal knowledge of this case.

Trooper Janosko testified that, based upon a prior conviction, Roberts was a Tier III Offender under a prior registration statute. The trooper further explained that Roberts' registration obligation arose, as an operation of law, and that it continued under the current enactment of SORNA. Specifically, Roberts' conviction required him to register and report annually to the State Police for "the remainder of his lifetime." N.T., 3/7/2022, at 16. The trooper inferred this fact from the record of Roberts' past conviction, coupled with the operable registration statute at the time of that conviction. The operable statute eventually did away with tier offenders and became of list of 10-year offense and lifetime offenses. *See* 42 Pa.C.S.A. § 9799.55(b). Trooper Janosko testified that Roberts' prior conviction required him to register for life under the former and the current registration statutes.

Viewed in the light most favorable to the Commonwealth, the testimony of Trooper Janosko proved, beyond a reasonable doubt, that Roberts was a

lifetime registrant under 42 Pa.C.S.A. § 9799.55(b). He flatly told the jury that Roberts was a lifetime registrant, and the jury believed him. As a result, Roberts' first appellate issue is meritless.

## 2.    Knowing Failure to Comply

In his second issue, Roberts claims there was insufficient proof of his *mens rea* under 18 Pa.C.S.A. § 4915.2(a)(1),(2). Roberts, who testified in his own defense, argues that his "mindset was very clearly established at trial." Robert's Brief at 15. He bases this assertion upon his testimony regarding his subjective "understanding that he would have to register for ten years following the Westmoreland County qualifying conviction." ***Id.***

Thus, Roberts' second argument does not focus on the insufficiency of the Commonwealth's evidence. Rather, he relitigates his own testimony and the self-serving assertions of fact. He would have us credit his testimony regarding what transpired in the Court of Common Pleas of Westmoreland County and during his interactions with the State Police in the years thereafter. This is not the role of an appellate court. As stated above, ***the jury*** was "free to believe all, part, or none of the evidence." ***Gause***, 164 A.3d at 541.

Instead, the issue before us is what, if anything, the Commonwealth failed to prove in its case-in-chief regarding Roberts' *mens rea*. Turning to that question, we find the statute does not require proof that Roberts knew of his lifelong-registration requirement. Instead, the crime occurred when (1) he "knowingly" failed "to register with the Pennsylvania State Police", *i.e.*,

within three days of changing his address, and (2) when he "knowingly" failed "to verify [his] residence or be photographed" on his anniversary date. 18 Pa.C.S.A. § 4915.2(a)(1),(2).

The legislature has defined "knowingly" as follows:

A person acts knowingly with respect to a material element of an offense when:

(i)     if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and

(ii)     if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.

18 Pa.C.S.A. § 302(b)(2). Here, the material element involves the result of a registrant's conduct. Accordingly, we apply subsection (ii).

To violate 18 Pa.C.S.A. § 4915.2(a)(1),(2), a registrant must "knowingly fail to register" or "knowingly fail to verify." 18 Pa.C.S.A. § 4915.2(a)(1),(2). Therefore, a registrant must be aware that it is practically certain he will fail to report and to verify with the State Police if he fails to do so. The *mens rea* is simply that the *actus reus* of failure be committed knowingly.

In most cases, such a failure will be knowing, because a rational actor knows when he fails to do something. The only exceptions would be in cases where a registrant has dementia, is in a coma, or suffers from a similar mental incapacity.

A registrant's reason for failing to report or to verify is irrelevant to the *mens rea* analysis, where, as here, the registrant knew he failed to report or to verify. Even if Roberts believed his registration requirement expired after ten years, he still knew that he failed to report his change of address when he did not re-register in 2020. He also knew that he failed to verify his address and appear to be photographed by his anniversary date in 2020. Therefore, Roberts knowingly failed to comply with SONRA and violated 18 Pa.C.S.A. § 4915.2(a)(1),(2).

Simply put, there is no notice requirement in SORNA. The statute expressly negates and disclaims such a requirement. "Neither failure on the part of the Pennsylvania State Police to send nor failure of a sexually violent predator or [sexual] offender to receive notice [of the registration requirement] or information under subsection (a.1), (b.1) or (b.3) shall relieve that predator or offender from the [registration/re-registration] requirements of this subchapter." 42 Pa.C.S.A. § 9799.60(f).

Essentially, the General Assembly, when enacting SORNA, codified the ancient maxim that "ignorance of the law is no excuse." **Commonwealth v. Kratsas**, 764 A.2d 20, 30 (Pa. 2001). Roberts may not excuse noncompliance with SORNA based on alleged ignorance of his lifetime-registration obligation. His second and last appellate issue warrants no relief.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/6/2023