J-S31011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMEER JACKSON | : | |
| | : | |
| Appellant | : | No. 2391 EDA 2023 |

Appeal from the Judgment of Sentence Entered April 27, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007272-2022

BEFORE:  BOWES, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 30, 2024**

Ameer Jackson appeals from the aggregate judgment of sentence of four to eight years in prison following his convictions of one count each of possession of firearm prohibited, firearms not to be carried without a license, and carrying a firearm in public in Philadelphia.  We affirm.

The trial court summarized the factual background of this matter as follows:

On August 24, 2022, at approximately 12:18 p.m., Police Officer George Lutz . . . was on bike, patrolling the 500 block of North Creighton Street [in Philadelphia, Pennsylvania] with Sergeant Graber.  Officer Lutz cut through Hat Park and noticed . . . Appellant sitting on the sidewalk, on a folding chair under a white tented canape [*sic*].  Officer Lutz testified that Appellant looked directly at him then made a forward leaning motion, while holding a large black L-shaped object in his hand on his lap. Officer Lutz then observed Appellant put the object into a reusable shopping bag on the sidewalk next to him and place a sweatshirt on top of the bag.  As Officer Lutz continued biking closer, Appellant arose and walked away from the bag.  Officer Lutz lifted

the sweat[shirt], opened the bag, and observed a black [nine-millimeter] polymer 80 ghost handgun with a [fifty]-round extended magazine.[1] Once Officer Lutz saw the firearm, he told [Sergeant Graber] to detain Appellant who continued walking away from the bag. The officers biked up to Appellant[,] who at this point was approximately [ten to fifteen] feet away from the firearm. Officer Lutz said nothing to Appellant upon seeing him or prior to the recovery of the gun.

Trial Court Opinion, 2/12/24, at 2-3 (citations omitted).

The Commonwealth thereafter charged Appellant with the offenses identified hereinabove. He filed a motion to suppress evidence of the firearm, and the court held a hearing during which Officer Lutz testified in accordance with the above account. The trial court dismissed the motion and the parties proceeded immediately to a bench trial. There, Appellant conceded that he was ineligible to possess a firearm due to a prior conviction and stipulated to a report which indicated that the recovered firearm was operational. *See* N.T. Trial, 1/26/23, at 65-66. The trial court found Appellant guilty as to all charges and sentenced him on April 27, 2023.

Importantly, while Appellant filed a motion for reconsideration of sentence, he did not assert that the court erred or otherwise abused its discretion in sentencing him. The trial court denied the motion by operation of law on September 5, 2023. Relatedly, Appellant did not raise in any filings or orally on the record that his verdict was against the weight of the evidence.

_____

[1] Officer Lutz testified that a "ghost" gun is one that does not contain a serial number and cannot be traced. *See* N.T. Trial, 1/26/23, at 29.

This timely appeal followed. Appellant complied with the court's order to file a statement of errors pursuant to Pa.R.A.P. 1925(b), and the court issued a responsive opinion.

Appellant presents four issues for our consideration, which we have reordered for ease of disposition:

I. Whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was insufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of the offenses beyond a reasonable doubt?

II. Whether the verdict was against the greater weight of evidence as a matter of law to establish [Appellant]'s guilt beyond a reasonable doubt on all charges?

III. Whether the trial court erred in denying the motion to suppress evidence?

IV. Whether the sentence imposed on [Appellant] was harsh and excessive and an abuse of discretion since the lower court failed to considering [*sic*] mitigating factors and state on the record why such sentence is warranted?

Appellant's brief at 10-11.

In his first claim, Appellant generally challenges the sufficiency of the evidence as to all three counts relating to his possession of the handgun. We consider Appellant's position mindful of the following well-settled standard of review:

> When reviewing a [sufficiency] claim, we face a question of law. Accordingly, our standard of review is *de novo*. We view the evidence in the light most favorable to the Commonwealth, as the verdict winner, and we draw all reasonable inferences therefrom in the Commonwealth's favor. Through this lens, we must

ascertain whether the Commonwealth proved all of the elements of the crime at issue beyond a reasonable doubt.

The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, we may not weigh the evidence and substitute our judgment for the factfinder. Any doubts regarding a defendant's guilt may be resolved by the factfinder, unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact may be drawn from the combined circumstances.

*Commonwealth v. Roberts*, 293 A.3d 1221, 1223 (Pa.Super. 2023) (cleaned up).

As noted, Appellant was convicted of three firearms-related offenses that contain similar elements. "To sustain a conviction for the crime of persons not to possess a firearm, the Commonwealth must prove that Appellant possessed a firearm and that he was convicted of an enumerated offense that prohibits him from possessing, using, controlling, or transferring a firearm." *Commonwealth v. Miklos*, 159 A.3d 962, 967 (Pa.Super. 2017) (citation omitted). Next, "any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree." 18 Pa.C.S. § 6106(a)(1). Finally,

No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:

(1) such person is licensed to carry a firearm; or

(2) such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).

18 Pa.C.S. § 6108.

Initially, we note that the trial court did not address the sufficiency of Appellant's convictions in its Rule 1925(a) opinion. Instead, it found that this claim was waived on appeal because Appellant's Rule 1925(b) statement did not identify the specific crimes and elements of the crimes being challenged.[2] *See* Trial Court Opinion, 2/12/24, at 4 (citing *Commonwealth v. Freeman*, 128 A.3d 1231 (Pa.Super. 2015)). In *Freeman*, this Court stated as follows:

In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

*Id*. at 1248.

We agree with the trial court that Appellant failed to identify the specific elements of the crimes that the Commonwealth purportedly did not prove, and that we could therefore find that this issue is waived. Nonetheless, we

_____

[2] Appellant's statement asserted thusly: "The evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was insufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of the offenses beyond a reasonable doubt on all charges." Concise Statement, 12/1/23, at unnumbered 1.

address Appellant's claim, as all three crimes pursuant to which he was convicted contain the same element of possession of a firearm, and further because Appellant's sole defense under these basic facts was that he did not possess the firearm seized by Officer Lutz. *See Commonwealth v. Laboy*, 936 A.2d 1058, 1060 (Pa. 2007) (concluding that this Court should have addressed the merits of a sufficiency claim, despite a deficient Rule 1925(b) statement, where the case was relatively straightforward and where the claim could be readily apprehended).

Appellant contends that the evidence was insufficient because the Commonwealth did not prove that he was in possession of the firearm in question. He notes that on cross-examination, Officer Lutz testified that there were several other males and bags in the area where the handgun was found. *See* Appellant's brief at 21. Appellant further argues that the officer's observations were not reliable as they were made while he was riding a bicycle on a bright day, whereas Appellant was in the shade. *Id*. He maintains that he did not flee when the police arrived, and that the bodycam footage "does not fully corroborate the officer's testimony[.]" *Id*. (some capitalization altered). In short, Appellant's contention is not that the evidence as presented was insufficient, but rather that "[t]he officer's direct testimony clearly was given too much weight[.]" *Id*. at 22.

Our case law is clear that with respect to sufficiency claims, "we may not weigh the evidence and substitute our judgment for the factfinder."

*Roberts*, 293 A.3d at 1223. Rather, when we view the evidence in the light most favorable to the Commonwealth, as required, it confirms that Appellant placed the seized handgun into a bag, put the bag on a public sidewalk, covered it with a sweatshirt, and began to walk away. This was all done within the view of Officer Lutz during daylight hours. Thus, the Commonwealth provided sufficient evidence that Appellant possessed and concealed a firearm in Philadelphia. Furthermore, based on Appellant's stipulations at trial, the Commonwealth was relieved of the burden of proving both that Appellant was not permitted to possess a firearm and the handgun's functionality. *See Commonwealth v. Perrin*, 291 A.3d 337, 345 (Pa. 2023) ("A stipulation is a declaration that the fact agreed upon is proven, and a valid stipulation must be enforced according to its terms." (citation omitted)). No relief is due.

Next, Appellant presents a challenge to the weight of the evidence. The following law applies to our review of Appellant's claim:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

***Commonwealth v. Arias***, 286 A.3d 341, 352 (Pa.Super. 2022) (cleaned up).

Before analyzing the merits of this issue, we must first consider whether Appellant properly preserved it. The Rules of Criminal Procedure provide the following in relevant part:

> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
>> (1) orally, on the record, at any time before sentencing;
>>
>> (2) by written motion at any time before sentencing; or
>>
>> (3) in a post-sentence motion.

Pa.R.Crim.P. 607. "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." ***Id***., cmt; ***see also Commonwealth v. Cox***, 231 A.3d 1011, 1018 (Pa.Super. 2020) ("An appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim." (citation omitted)).

Our review of the record reveals that Appellant did not request orally on the record at any time prior to sentencing that the court consider this challenge. Further, while Appellant filed a motion for reconsideration of his sentence, he did not request a new trial based on the verdicts being against weight of the evidence. Since Appellant deprived the trial court of the ability to consider this claim, it is waived. ***See Cox***, 231 A.3d at 1018.

In his third issue, Appellant contends that the trial court erred in denying his motion to suppress evidence. Our High Court has stated:

> An appellate court's standard of reviewing the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Thus, our review of questions of law is *de novo*. Our scope of review is to consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the suppression record as a whole.

*Commonwealth v. Shaffer*, 209 A.3d 957, 968-69 (Pa. 2019) (citations omitted).

"Both the Fourth Amendment of the United States Constitution and Article 1, Section 8 of the Pennsylvania Constitution guarantee an individual's freedom from unreasonable searches and seizures." *Commonwealth v. Coles*, 317 A.3d 659, 663 (Pa.Super. 2024) (citation omitted). However,

> It is well settled in this Commonwealth that a defendant has no standing to contest the search and seizure of items which he has voluntarily abandoned. That is, before a defendant can challenge the seizure of physical evidence, he must demonstrate that he had both a possessory interest in the evidence and a legally cognizable expectation of privacy in the area from which the evidence was seized. . . .
>
> Abandonment is primarily a question of intent, and intent may be inferred from words spoken, acts done, and other objective facts. All relevant circumstances existing at the time of the alleged abandonment should be considered. The issue is not abandonment in the strict property-right sense but whether the person prejudiced by the search had voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search.

We further note that, although abandoned property may normally be obtained and used for evidentiary purposes by the police, such property may not be utilized where the abandonment is coerced by unlawful police action. When the causative factor in the abandonment is an unconstitutional search and seizure, the contraband must be suppressed.

*Id*. at 664 (cleaned up).

Appellant contends that the search in this case was done without probable cause. *See* Appellant's brief at 22. He emphasizes that pursuant to our case law, "all relevant circumstance existing at the time of the alleged abandonment should be considered, not after." *Id*. at 24 (citing *Commonwealth v. Shoatz*, 366 A.2d 1216 (Pa. 1976)). He then goes on to argue the following:

In the case *sub judice*, Officer Lutz did not know what was in Appellant's possession when he placed it under his sweatshirt and walked away. Appellant did not discard the object or throw it away. He kept it with his sweatshirt.

Objectively, at the time Officer Lutz observed Appellant do this, but prior to him lifting the sweatshirt and finding the gun, he never testified that he believed that Appellant abandoned the sweatshirt and what was found under neath. It is easy to come to this conclusion after the gun was discovered, but *Shoatz* would hold that the officer would have to come to this conclusion just prior to finding the gun. That did not happen.

*Id*. at 24-25.

In contrast, the trial court opined that it properly denied suppression because Appellant abandoned the bag containing the firearm, and therefore he had no reasonable expectation of privacy in either the bag or its contents. *See* Trial Court Opinion, 2/12/24, at 6. The court recounted thusly:

- 10 -

> Here, the testimony shows a clear intent of Appellant to abandon the firearm. After Appellant looked at Officer Lutz, he leaned forward, and placed an "L shaped" object from his lap into a bag, placed a sweat[shirt] over the bag, and walked away. Officer Lutz made no statements to Appellant upon seeing him or to the recovery of the gun. As such, Appellant's claim is without merit.

*Id*.

Appellant has not convinced us that that the trial court's findings lack support from the record. The uncontradicted testimony established that Officer Lutz saw Appellant insert the handgun-shaped object into a bag before placing the bag on the ground, covering it, and walking away. By attempting to disguise the handgun, evade officers, and move approximately fifteen feet away before being apprehended, Appellant abandoned the firearm for purposes of search and seizure law. *See*, *e.g.*, *Commonwealth v. Johnson*, 636 A.2d 656, 659 (Pa.Super. 1994) (concluding that Johnson made "a conscious effort to disassociate himself" from a bag, and thus had no reasonable expectation of privacy in its contents, when he placed it behind a tree to obscure it from passers-by and walked ten to twelve feet away from it). Further, Officer Lutz retrieved the handgun from the bag without first speaking to Appellant or giving him any commands. There was therefore no evidence of "unlawful police action" coercing Appellant to abandon the handgun, and in fact there was no interaction at all except for the officer riding his bicycle in Appellant's general direction. *See Coles*, 317 A.3d at 663.

In his final issue, Appellant challenges the length of his aggregate sentence. Specifically, he asserts that the sentence was "harsh and excessive

- 11 -

and an abuse of discretion since the lower court failed to considering [*sic*] mitigating factors and state on the record why such sentence [wa]s warranted." Appellants brief at 25.

The following legal principles guide our determination of whether the claim is properly before us:

> [A]n appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Solomon*, 247 A.3d 1163, 1167 (Pa.Super. 2021) (*en banc*) (cleaned up).

Here, Appellant timely appealed. However, while he filed a timely motion for reconsideration, his request merely asked for his sentence to be reduced so that he might be eligible for boot camp. Nowhere in the motion did Appellant assert that the trial court failed to either consider mitigating factors or state its reason for the sentence on the record, and therefore he presents these arguments for the first time on appeal. Moreover, Appellant did not include a Pa.R.A.P. 2119(f) statement in his brief containing the purported substantial questions he would present to this court. Accordingly, we find that Appellant has not invoked our jurisdiction as to this claim.

Since Appellant presents us with no issues warranting relief, we have no cause to disturb his judgment of sentence.

- 12 -

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>8/30/2024</u>