J-A15008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BRYAN FRANKLIN CASH :
:
Appellant : No. 1318 MDA 2024

Appeal from the Judgment of Sentence Entered August 20, 2024
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0001099-2023

BEFORE: BOWES, J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.: **FILED: AUGUST 13, 2025**

Bryan Franklin Cash appeals from the aggregate sentence of twenty-four months of probation, along with fines, relating to his convictions for resisting arrest or other law enforcement ("resisting arrest"), operating without required financial responsibility, and several Vehicle Code offenses. We affirm.

On February 16, 2023, Trooper Bradley Fornwalt of the Pennsylvania State Police conducted a traffic stop of the car being driven by Appellant due to a dark window tint. As he approached the passenger side of the vehicle, where Appellant's fiancée sat, the trooper noticed the odor of burnt marijuana. Trooper Fornwalt informed Appellant as to the reason for the stop, and Appellant replied that he had a medical waiver from Delaware for the window

---

[*] Former Justice specially assigned to the Superior Court.

tint. The trooper requested Appellant's license, insurance, and registration. After some discussion and several refusals from Appellant to comply, he eventually held up a document, but the trooper did not get to inspect it and could not later recall if it was insurance documentation or something else.

Trooper Fornwalt and Appellant then engaged in a heated discussion about the window tint for approximately five minutes when the trooper asked Appellant to alight from the vehicle for sobriety testing. Appellant initially stated that he would get out of the car but changed his mind. Around this point in time, Trooper Radolfo Manzo arrived on scene to aid in the stop.

Trooper Fornwalt went to his patrol vehicle and confirmed Appellant's identity while Trooper Manzo waited with Appellant. After establishing that Appellant did not have any outstanding warrants, Trooper Fornwalt returned and issued a direct command for Appellant to step out of the vehicle. Appellant refused, gripping the steering wheel and telling the troopers that they would have to force him out. A several-minute long struggle ensued, which ended when Trooper Fornwalt deployed his Taser to break Appellant's grip and physically pulled him from the car. Appellant was handcuffed and placed into the back of a cruiser. At that time, Trooper Fornwalt noticed Appellant's bloodshot eyes and the odor of marijuana emanating from his breath. Appellant informed the troopers that they could search the vehicle, which yielded a small amount of marijuana.

The Commonwealth thereafter charged Appellant with a litany of offenses, including driving under the influence ("DUI"), driving on roadways

laned for traffic, resisting arrest, and operating without required financial responsibility. Appellant filed a motion to suppress, arguing that there was insufficient probable cause for Appellant's arrest and that the search of the car was not consensual. Following a hearing, the trial court denied the motion via written opinion with respect to the probable cause issue, though it granted relief regarding the search of the vehicle.

The matter proceeded to a bifurcated trial wherein the court weighed the evidence supporting the DUI charge and other traffic offenses while a jury considered the evidence pertaining to resisting arrest. The Commonwealth introduced a portion of Trooper Fornwalt's vehicle dash camera showing the trooper's interaction with Appellant during the traffic stop and the ensuing physical struggle. Notably, Appellant sought to play for the jury portions of the footage showing Appellant's operation of his car leading up to the stop. The Commonwealth objected. After a brief discussion at sidebar, the court sustained the objection, finding that the evidence was irrelevant to the resisting arrest charge being considered by the jury. Appellant was convicted of all offenses at the conclusion of trial except for DUI and driving on roadways laned for traffic.

This timely appeal followed. Both Appellant and the trial court complied with their respective obligations pursuant to Pa.R.A.P. 1925. Appellant presents three issues for our review, which we have reordered for ease of disposition:

1.      Whether there was sufficient evidence to support [Appellant]'s conviction for operating without required financial responsibility.

2.      Whether the honorable trial court erred by denying [Appellant]'s motion to suppress based upon a lack of probable cause to arrest?

3.      Whether the honorable trial court erred by sustaining the Commonwealth's objection to allowing the defense to play the driving portion of the dash camera video?

Appellant's brief at 10 (some capitalization altered).

In his first claim, Appellant challenges the sufficiency of the evidence relating to his conviction for operating without required financial responsibility. We consider Appellant's position mindful of the following well-settled standard of review:

> When reviewing a [sufficiency] claim, we face a question of law. Accordingly, our standard of review is *de novo*. We view the evidence in the light most favorable to the Commonwealth, as the verdict winner, and we draw all reasonable inferences therefrom in the Commonwealth's favor. Through this lens, we must ascertain whether the Commonwealth proved all of the elements of the crime at issue beyond a reasonable doubt.
>
> The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, we may not weigh the evidence and substitute our judgment for the factfinder. Any doubts regarding a defendant's guilt may be resolved by the factfinder, unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact may be drawn from the combined circumstances.

*Commonwealth v. Roberts*, 293 A.3d 1221, 1223 (Pa.Super. 2023) (cleaned up).

The Vehicle Code violation in question is codified as follows:

**(a) General rule.--**Every motor vehicle of the type required to be registered under this title which is operated or currently registered shall be covered by financial responsibility.

. . . .

**(c) Consent to produce proof of financial responsibility.--**Upon registering a motor vehicle or renewing a motor vehicle registration, the owner of the motor vehicle shall be deemed to have given consent to produce proof, upon request, to the Department of Transportation or a police officer that the vehicle registrant has the financial responsibility required by this chapter. Proof of financial responsibility may be satisfied under this chapter by production of a financial responsibility identification card in paper or electronic form. If an owner of a motor vehicle is providing electronic proof of financial responsibility to a police officer, the police officer shall only view content that is reasonably necessary to demonstrate proof of financial responsibility. The owner of the electronic device assumes liability for any damage to the electronic device containing the financial responsibility identification card while in possession of the police officer or agents of the department.

. . . .

**(f) Operation of a motor vehicle without required financial responsibility.--**Any owner of a motor vehicle for which the existence of financial responsibility is a requirement for its legal operation shall not operate the motor vehicle or permit it to be operated upon a highway of this Commonwealth without the financial responsibility required by this chapter. In addition to the penalties provided [in this section], any person who fails to comply with this subsection commits a summary offense and shall, upon conviction, be sentenced to pay a fine of $300.

75 Pa.C.S. § 1786.

Appellant provides the following argument for his position that there was insufficient evidence of this crime presented at trial:

Trooper Fornwalt testified that he could not recall whether Appellant ever provided proof of insurance. In finding Appellant guilty, the honorable trial court relied upon the dash camera

video. Specifically, that Appellant did not provide proof of insurance when asked. However, the dash camera video did not capture the entire evening. Additionally, it is impossible to know from the video whether the troopers [later] found insurance information in the vehicle.

Even if it could be established that Appellant did not provide his insurance information, that fact is not dispositive. Unlike the statute for failure to display a license, there is no requirement in the statute that an individual display proof of insurance. Rather, the requirement is merely that the vehicle is in fact insured. The Commonwealth did not enter into evidence any records demonstrating a lack or lapse of coverage. Simply stated, there was not sufficient evidence to establish a lack of insurance for Appellant's vehicle.

Appellant's brief at 34-35 (some capitalization altered).

In rejecting this claim, the trial court noted that as part of the interaction, Trooper Fornwalt requested Appellant's driver's license, registration, and proof of insurance. *See* Trial Court Opinion, 10/15/24, at 9. The court opined that the

vehicle recording introduced as Commonwealth Exhibit 1 and 2 clearly demonstrate[d] that Appellant expressly refused multiple requests to produce the requested documents. The evidence in this case, including a complete comprehensive review of the motor vehicle recordings introduced as Commonwealth's Exhibit 1 and 2, clearly demonstrate[d] that the Appellant at no time produced to the trooper any proof of insurance coverage. And he certainly did not do so upon demand.[1]

*Id*. at 10 (some capitalization altered).

From our review of the record, we agree with the trial court that there was sufficient evidence to sustain this conviction. Viewing the evidence in the

---

[1] For its part, the Commonwealth adds to this position that "Appellant holding [an unidentified document] up for an officer to view is not providing proof of financial responsibility." Commonwealth's brief at 13.

light most favorable to the Commonwealth, Trooper Fornwalt testified that he did not recall being provided with proof of financial responsibility, despite requesting it. The evidence also bore out that Appellant refused to produce the sought documents throughout a prolonged verbal encounter. Contrary to Appellant's contention, the plain language of the statute **did** require him "to produce proof, upon request, to . . . a police officer that the vehicle registrant has the financial responsibility." 75 Pa.C.S. § 1786(c).

Further, we are not persuaded by Appellant's argument that there is some slight chance that proof of insurance was given but was not captured on the dash camera. The Commonwealth is not required to prove its claim beyond all doubt by ruling out all possibility of innocence. ***See***, ***e.g.***, ***Commonwealth v. Williams***, 871 A.2d 254, 259 (Pa.Super. 2005) ("The Commonwealth need not preclude every possibility of innocence or establish the defendant's guilt to a mathematical certainty." (cleaned up)).

Appellant next argues that the court erroneously denied in part his motion to suppress. As to this issue, we have stated:

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We are bound by the suppression court's factual findings so long as they are supported by the record; our standard of review on questions of law is *de novo*. Where, as here, the defendant is appealing the ruling of the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted. Our scope of review of suppression rulings includes only the suppression hearing record and excludes evidence elicited at trial.

*Commonwealth v. Davis*, 241 A.3d 1160, 1171 (Pa.Super. 2020) (citation omitted).

Appellant's underlying motion was premised upon Trooper Fornwalt lacking probable cause to take Appellant into custody. Our High Court has recounted that "[p]robable cause to arrest exists when the facts and circumstances within the police officer's knowledge and of which the officer has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Commonwealth v. Burno*, 154 A.3d 764, 781 (Pa. 2017) (cleaned up). Additionally, "we require only a probability, and not a *prima facie* showing, of criminal activity." *Id*. (cleaned up).

Relevant to this discussion is Appellant's conviction for resisting arrest. The statute for that crime provides as follows:

> A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest **or discharging any other duty**, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S. § 5104 (emphasis added). Additionally, it has long been the case that "[w]hen a police officer lawfully stops a motorist for a violation of the Pennsylvania Motor Vehicle Code, the officer is permitted to ask the driver to step out of the vehicle as a matter of right." *Commonwealth v. Parker*, 957 A.2d 311, 314-15 (Pa.Super. 2008) (cleaned up).

In support of his claim, Appellant argues that based on the facts presented at the suppression hearing, he was officially placed under arrest at the time Troopers Fornwalt and Manzo began to forcibly remove him from the car. *See* Appellant's brief at 25. According to Appellant, to be guilty of resisting arrest, there had to have been probable cause that he had committed a crime at that time. *Id*. at 26. He argues that there was insufficient probable cause of DUI because there was only an odor of marijuana emanating generally from the vehicle which contained two occupants, and the troopers did not observe Appellant's bloodshot eyes or other indicia of intoxication until **after** the arrest. *Id*. at 28-29. Appellant further contends that there was insufficient probable cause to arrest him for possession of marijuana, as a detention in that context cannot be supported solely by the odor of burnt marijuana. *Id*. at 29 (citing ***Commonwealth v. Barr***, 266 A.3d 25 (Pa. 2021)). Finally, Appellant attacks as "bootstrapping" the trial court's rationale that Appellant was engaging in resisting arrest when he was taken into custody, since there still must have been some precursor crime before he could actually be resisting a lawful arrest. *Id*. at 30-31.

In its opinion denying the underlying motion to suppress, the trial court focused on the "other law enforcement" component of the resisting arrest statute and determined that the troopers had probable cause to arrest Appellant. *See* Opinion, 2/20/24, at 7. The court noted that a defendant can be guilty of this crime when preventing an officer from engaging in any duty of their position, not just performing an active arrest. *Id*. It further recounted

that as a part of any traffic stop, an officer has the right to order the driver from the vehicle. *Id*. By refusing to vacate the car, Appellant was thus interfering with the troopers' ability to discharge their investigative duties during a traffic stop. *Id*. at 8.

Upon review, we find that the court's decision to deny suppression was supported by the record. As the trial court correctly noted, although the crime in question is often shorthanded as "resisting arrest," it criminalizes other acts, including interfering with a law enforcement officer's ability to discharge his duties. Here, Trooper Fornwalt expressed that, because he detected the odor of marijuana coming from the vehicle during the stop for the window tint, he had articulable concerns that Appellant was driving while impaired. He was therefore within his rights to direct Appellant to alight from the vehicle to further his investigation. Once Appellant refused to do so and told the troopers that they would have to forcibly remove him, they at that point had probable cause to arrest Appellant for a violation of § 5104. As such, the trial court correctly determined that suppression was not warranted relating to Appellant's arrest.

Appellant finally contends that the trial court erred in sustaining the Commonwealth's objection to his request to play a portion of the dash camera video to the jury, specifically the part showing Appellant's driving before the stop was initiated. We have recognized:

> The admission of evidence is committed to the sound discretion of the trial court, and a trial court's ruling regarding the admission of evidence will not be disturbed on appeal unless that ruling

- 10 -

reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous.

*Commonwealth v. Williamson*, 330 A.3d 407, 414 (Pa.Super. 2025) (citation omitted).

The trial court's decision to disqualify this evidence was based on both its lack of relevance and its risk of confusing the jury. *See* Trial Court Opinion, 10/15/24, at 4. Our Rules of Evidence state that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pa.R.E. 401. Additionally, "[t]he court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

We further note that evidence issues are subject to harmless error, and "an evidentiary error of the trial court will be deemed harmless on appeal where the appellate court is convinced, beyond a reasonable doubt, that the error could not have contributed to the verdict." *Commonwealth v. Vance*, 316 A.3d 183, 192 (Pa.Super. 2024) (citation omitted). The following law guides harmless error review:

> [A]n error will be deemed harmless where the appellate court is convinced beyond a reasonable doubt that the error could not have contributed to the verdict. Guidelines for determining whether an error is harmless include: (1) whether the error was prejudicial to the defendant or if prejudicial, whether the prejudice was *de minimis*; (2) whether the erroneously admitted evidence

- 11 -

was merely cumulative of other, untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) whether the evidence of guilt was so overwhelming as established by properly admitted and uncontradicted evidence that the prejudicial effect of the error was so insignificant by comparison to the verdict.

***Commonwealth v. Adams***, 39 A.3d 310, 322 (Pa.Super. 2012) (cleaned up). Although none of the parties nor the trial court discussed harmless error, "*sua sponte* invocation of the . . . doctrine is not inappropriate as it does nothing more than affirm a valid judgment of sentence on an alternative basis." ***Commonwealth v. Hamlett***, 234 A.3d 486, 492 (Pa. 2020) (citation omitted).

As to this claim, Appellant focuses exclusively on the position that the video evidence of his driving was relevant to the jury's determination, primarily for two reasons: "1) it went to impairment[,] which is relevant to the basis for attempting to remove Appellant from the vehicle[,] and 2) it implicates the credibility of the trooper's observations." Appellant's brief at 31 (some capitalization altered). He recounts that at the outset of trial, the court held, upon inquiry from the Commonwealth, that evidence of impairment "could be presented [to the jurors] because said evidence went to the basis for the arrest/detention." ***Id***. at 32. Appellant also notes that during trial, Trooper Fornwalt testified as to his background in conducting DUI arrests and investigations, and further stated that he observed Appellant deviate from the lane before initiating the traffic stop, which played at least some part in his decision to later request field sobriety testing. ***Id***. Appellant concludes: "Simply stated, . . . Appellant's driving is relevant in this matter because the

- 12 -

underlying basis of removing Appellant from the vehicle was to investigate him for DUI. Additionally, this footage was relevant to the credibility of Trooper Fornwalt's observations." *Id*. at 33.

In its Rule 1925(a) opinion, the trial court reaffirmed its determination that "Appellant's driving behavior was irrelevant to the resisting arrest charge." Trial Court Opinion, 10/15/24, at 4. It stated:

> For purposes of jury deliberation, only the Appellant's behavior in repeatedly refusing to exit the motor vehicle while seated inside the motor vehicle, after the driving had ceased and after the motor vehicle stop had been lawfully effectuated was relevant. Appellant's driving behavior bore no relation to the resisting arrest charge and was therefore irrelevant.

*Id*. The court further determined that introduction of this evidence risked confusion for the jury, though it did not provide further explanation. *Id*. at 5.

We find that Appellant is not entitled to relief on this claim, though for a reason different than that articulated by the trial court. Assuming without deciding that this evidence was in fact relevant, as Appellant suggests, for the purpose of calling into question Trooper Fornwalt's credibility or Appellant's impairment, any error by the court in prohibiting the jury from viewing this portion of the video was harmless. To begin, Appellant was acquitted by the trial court of both DUI and driving on roadways laned for traffic. Therefore, even if the video debunked the trooper's statement that Appellant drifted over the fog line before the traffic stop, which contributed to the suspicion of Appellant driving while impaired, showing the video to the jurors would not have changed the outcome as to those charges.

Rather, since the sole crime to be considered by the jury was resisting arrest, the critical evidence related to Appellant's conduct immediately leading up to the physical encounter. Our review of the uncontroverted dash camera footage confirms that Appellant refused numerous demands to step out of his car and that the troopers were required to use substantial force to remove him. There was no dispute that Trooper Fornwalt conducted a lawful stop at the outset to investigate the window tint on Appellant's car and, therefore, had the ability to demand that Appellant vacate the vehicle as a matter of right. *See Parker*, 957 A.2d at 314-15.

As such, "the evidence of guilt [as to resisting arrest] was so overwhelming as established by properly admitted and uncontradicted evidence that the prejudicial effect of the error was so insignificant by comparison to the verdict." *Adams*, 39 A.3d at 322. This would be true even if the trial court permitted Appellant to introduce portions of the video showing no deficiency in his driving prior to the traffic stop. Stated another way, even assuming the video did show what Appellant argues on appeal, it would have had no bearing on the resisting arrest conviction. No relief is due.

For the reasons above, we have no cause to disturb Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 08/13/2025