J-S07004-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL JAMES GRIVNER, SR. | : | |
| | : | |
| Appellant | : | No. 507 MDA 2025 |

Appeal from the Judgment of Sentence Entered February 27, 2025
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0002684-2023

BEFORE: BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY BOWES, J.: **FILED: MARCH 10, 2026**

Michael James Grivner, Sr., appeals from the sentence of six months of probation and fines arising from his convictions of simple assault, harassment, and disorderly conduct. We affirm.

The trial court summarized the factual background of this matter thusly:

> On July 19, 2023, at approximately 4:00 p.m., the victim, Daniel McCoy, was in the parking lot of the Gateway Shopping Center near the Goodwill Store. Mr. McCoy observed a shopping cart full of items that appeared to be abandoned. As he was about to return the cart to the store, [Appellant] confronted Mr. McCoy and told him not to touch the cart. Although Mr. McCoy asked [Appellant] if it was his cart at least ten times, [Appellant] would not confirm that it was his. As Mr. McCoy attempted to return the cart to the store, [Appellant] ran towards him and [sucker] punched him in the face [from behind. **See** N.T. Trial, 6/17/24, at 29]. Mr. McCoy did not retaliate. He did call 911 to report the incident.

Trial Court Opinion, 6/2/25, at 1.

Appellant was subsequently charged with the above-reference offenses. The matter proceeded to a jury trial as to simple assault, with the trial court to render a decision concerning the summary offenses. The Commonwealth called Mr. McCoy, who attested in accordance with the above. Pertinently, he indicated that the punch from Appellant "hurt" and caused minor swelling under his beard, but he did not lose any teeth and could not tell if it caused bruising beneath his facial hair. *See* N.T. Trial, 6/17/24, at 30, 32. He did not receive medical treatment.

Mr. McCoy also stated that while he was on the phone with 911, Appellant began to reapproach him, but backed off when Mr. McCoy expressed that he was willing to defend himself. Mr. McCoy informed the jury that his reason for moving the cart was to return it to the Goodwill store, since he did not believe that the business generally allowed patrons to take carts outside. Another Commonwealth witness, William Kennedy, recounted that he was present at Goodwill on the date in question and witnessed Appellant striking the victim once.

Appellant testified in his defense. On cross-examination, he initially denied hitting Mr. McCoy in the face, but later relented, indicating that he did so a single time because he believed the victim was taking his belongings. Appellant generally attested that he had no intent to cause any injury to Mr. McCoy, but rather was seeking to protect the items he purportedly purchased from Goodwill and were in the cart. Appellant stated that the cart was left near his wife's vehicle while he waited for her to finish shopping.

At the conclusion of trial, the jury found Appellant guilty of simple assault and the trial judge likewise convicted him of harassment and disorderly conduct. The court subsequently sentenced Appellant as indicated hereinabove. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents a single issue for our review: "Did the Commonwealth present sufficient evidence to prove, beyond a reasonable doubt, that [Appellant] caused bodily injury and took a substantial step toward with [*sic*] the intent to cause or recklessly caused bodily injury to [Mr.] McCoy under 18 Pa.C.S. §§ 901(a) and 2701(a)(1)?" Appellant's brief at 2 (citation altered).

We consider Appellant's position mindful of the following well-settled standard:

> When reviewing a [sufficiency] claim, we face a question of law. Accordingly, our standard of review is *de novo*. We view the evidence in the light most favorable to the Commonwealth, as the verdict winner, and we draw all reasonable inferences therefrom in the Commonwealth's favor. Through this lens, we must ascertain whether the Commonwealth proved all of the elements of the crime at issue beyond a reasonable doubt.
>
> The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, we may not weigh the evidence and substitute our judgment for the factfinder. Any doubts regarding a defendant's guilt may be resolved by the factfinder, unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact may be drawn from the combined circumstances.

*Commonwealth v. Roberts*, 293 A.3d 1221, 1223 (Pa.Super. 2023) (cleaned up).

On appeal, Appellant challenges only his conviction for simple assault, which occurs if a person "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S. § 2701(a)(1). The Crimes Code defines "bodily injury" as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301.

Appellant asserts that the Commonwealth failed to prove either bodily injury to Mr. McCoy or any attempt by Appellant to cause the same. *See* Appellant's brief at 8-17. Since we find it dispositive, we focus on the latter requirement, *i.e.*, Appellant's attempt. In that regard, we have stated:

> The Commonwealth need not establish that the victim actually suffered bodily injury; rather, it is sufficient to support a conviction if the Commonwealth establishes an attempt to inflict bodily injury. This intent may be shown by circumstances which reasonably suggest that a defendant intended to cause injury.
>
> To show an "attempt" to inflict bodily injury, it must be shown that the actor had a specific intent to cause bodily injury. A person acts intentionally with respect to a material element of an offense if it is his conscious object to engage in conduct of that nature or to cause such a result.

*Commonwealth v. Hatch*, 314 A.3d 928, 932 (Pa.Super. 2024) (cleaned up).

Appellant contends that "[t]he facts here suggest the opposite of intent to inflict bodily injury: the purpose was protection of property, not infliction of harm." Appellant's brief at 14. He highlights his own testimony at trial that

- 4 -

he believed Mr. McCoy was attempting to steal his merchandise, as well as the facts that Appellant only used force against him once to stop him and that the incident did not progress further. *Id*. Appellant additionally avers that "assuming *arguendo* that [Appellant] struck [Mr.] McCoy, the alleged act of striking [him] is not the kind of substantial step that demonstrates an attempt to cause bodily injury." *Id*. at 15. He maintains that this matter is "[u]nlike cases where defendants [hit] more than once, wielded objects, or shoved victims into walls, [since] there was no continued movement by [Appellant] that would naturally or probably result in bodily injury." *Id*. Appellant concludes:

> The Commonwealth's evidence failed to demonstrate that [Appellant] possessed the specific intent to inflict bodily injury or that his conduct amounted to a substantial step toward that end. His actions were directed at reclaiming his property, not at harming [Mr.] McCoy. At most, the evidence established a solitary, impulsive blow delivered in the course of a property dispute. That act, unaccompanied by evidence of continued aggression, serious risk of harm, or circumstances strongly corroborating a purpose to injure, falls short of establishing an attempt to cause bodily injury. The Commonwealth's proof supports, at most, harassment—not an attempted assault.

*Id*. at 17.

In its Rule 1925(a) opinion, the trial court posited that even if the punch in question did not cause bodily injury to Mr. McCoy, "there is no doubt that [the strike] was an attempt to cause bodily injury." Trial Court Opinion, 6/2/25, at 6. It further explained that this intent was demonstrated by the fact that the punch occurred in the face without warning. *Id*. at 6-7.

- 5 -

For its part, the Commonwealth likewise maintains that there is sufficient circumstantial evidence supporting an intent to cause bodily injury. Specifically, it notes that while Mr. McCoy was on the phone with 911, Appellant "advanced towards him again, stopping only when Mr. McCoy said he would defend himself." **See** Commonwealth's brief at 8. The Commonwealth argues:

> If Appellant's intent was merely to get the cart back, he had accomplished that goal when Mr. McCoy moved away to call 911. Instead, Appellant showed his true colors, and his true intent, by advancing on Mr. McCoy while he was on the phone and would be somewhat defenseless. Therefore, sufficient evidence supports Appellant's conviction.

*Id*.

Upon review, we conclude that there was sufficient circumstantial evidence supporting the conviction for simple assault. Viewing the evidence in the light most favorable to the Commonwealth, the testimony bore out that Appellant attempted to cause bodily injury to Mr. McCoy during the altercation. That Appellant "sucker punched" the victim, striking him in the face from behind, provided the jury with grounds to conclude that Appellant intended to cause such injury. Indeed, a single punch of that nature, under certain circumstances, may constitute the more momentous crime of aggravated assault, which requires an attempt to cause serious bodily injury. **See**, **e.g.**, **Commonwealth v. Bruce**, 916 A.2d 657, 662 (Pa.Super. 2007); 18 Pa.C.S. § 2702. Furthermore, striking someone, even once, satisfies the requisite act

in furtherance of that goal, regardless of whether bodily injury was actually inflicted. *See Hatch*, 314 A.3d at 932.

While Appellant devotes a significant portion of his brief to arguing that his intent was actually to stop a perceived theft, that is not enough to defeat the conviction. Simply, the jury was free to disbelieve Appellant's account. *See Commonwealth v. Gibbs*, 981 A.2d 274, 282 (Pa.Super. 2009) ("It is for the fact-finder to make credibility determinations, and the finder of fact may believe all, part, or none of a witness's testimony." (citation omitted)). This is especially plausible in light of the fact that Appellant initially testified on the stand that he never struck the victim in the face, despite the victim and an unrelated eyewitness witnesses directly contradicting him, and then reversed course. Further, Mr. McCoy attested that during the incident, he asked Appellant at least ten times if the merchandise belonged to him, and Appellant refused to answer the question before attacking from behind.

In sum, we conclude that the Commonwealth adduced sufficient evidence to sustain a conviction for simple assault. Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/10/2026