J-A02029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DEANDRE TONEY MOORE :
:
Appellant : No. 813 WDA 2024

Appeal from the Judgment of Sentence Entered April 7, 2022
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0000167-2021

BEFORE: KUNSELMAN, J., MURRAY, J., and BECK, J.

MEMORANDUM BY MURRAY, J.: **FILED: February 4, 2025**

DeAndre Toney Moore (Appellant) appeals, *nunc pro tunc*, from the judgment of sentence imposed after his nonjury convictions of three counts of failure to comply with sexual offender registration requirements.[1] Appellant's counsel (Counsel) has filed in this Court an application to withdraw as counsel and an accompanying brief in accordance with ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 249 (Pa. 2009). We grant Counsel's application to withdraw and affirm Appellant's judgment of sentence.

---

[1] 18 Pa.C.S.A. § 4915.1(a)(1) (failure to register with the Pennsylvania State Police), (a)(2) (failure to verify address or be photographed), (a)(3) (failure to provide accurate information when registering).

On May 30, 2017, Appellant entered a negotiated guilty plea to one count of indecent assault by forcible compulsion.[2]  ***See*** Commonwealth's Exhibit 1 (certified copy of Appellant's prior conviction); ***see also*** N.T., 1/20/22, at 26-27 (wherein Commonwealth's Exhibit 1 was introduced and admitted into evidence).  Relevantly, Appellant's indecent assault conviction required him to comply with sexual offender registration and notification requirements for 25 years, pursuant to the Sex Offender Registration and Notification Act (SORNA).[3]  ***See*** Commonwealth's Exhibit 1; ***see also*** 42 Pa.C.S.A. § 9799.15.

On November 13, 2020, Appellant was granted pre-trial supervision with electronic monitoring in an unrelated case.  ***See*** N.T., 1/20/22, at 28-30. Butler County Prison Corrections Officer Ryan Rekich (CO Rekich) testified that upon release from prison, Appellant was required to update his sexual offender registration information.  ***Id.*** at 30.  Appellant identified his address as 214 First Street, Butler, Pennsylvania.  ***Id.*** at 34.

_____

[2] 18 Pa.C.S.A. § 3126(a)(2).

[3] The exhibits pertaining to Appellant's prior conviction refer to Megan's Law. However, the criminal information filed against Appellant in that case identifies an offense date of July 14, 2015.  ***See*** Commonwealth's Exhibit 1.  Thus, SORNA was the effective statutory scheme at the time of Appellant's commission of the offense and at his sentencing.  ***Commonwealth v. Martinez***, 147 A.3d 517, 522 (Pa. 2016) ("SORNA provided for the expiration of Megan's Law as of December 20, 2012, and for the effectiveness of SORNA on the same date.").

On November 23, 2020, the Butler City Police Department received a request to investigate Appellant for suspected sex-offender registration violations. *See id.* at 58-59. In particular, the request to investigate alleged that Appellant was not living at 214 First Street. *Id.* at 59-60. Detective Eric Klopfer (Detective Klopfer) spoke with the landlord of the building at 214 First Street, as well as with the tenants, and confirmed Appellant was not living at that address. *Id.* at 60-61. Detective Klopfer also visited the residence and found no evidence that Appellant was living there. *Id.* Detective Klopfer thereafter prepared an arrest warrant. *Id.* at 61.

After receiving a tip from Butler County Probation regarding Appellant's whereabouts, Detective Klopfer located Appellant on December 7, 2020. *Id.* at 62-63. Appellant was found at an apartment building located at 701 West New Castle Street in Butler. *Id.* At that time, 214 First Street was still listed as Appellant's address for sexual offender registration purposes. *Id.* at 62.

On March 3, 2021, the Commonwealth charged Appellant, via criminal information, with the above-described reporting violations. The matter proceeded to a waiver trial on January 20, 2022,[4] and the trial court found

---

[4] Appellant indicated that he no longer wanted to be represented by appointed trial counsel and wished to proceed *pro se* for trial. N.T., 1/20/22, at 4; *see also id.* at 6-7 (wherein Appellant requested the appointment of new counsel, and the trial court denied the request). The trial court conducted an oral colloquy, during which time Appellant denied his understanding of the possible range of sentences. *See id.* at 7-12. The trial court denied Appellant's request to proceed *pro se*. *Id.* at 13.

Appellant guilty of all three offenses. The court directed completion of a pre-sentence investigation report (PSI).

On April 7, 2022, the trial court sentenced Appellant to consecutive prison terms of 60 to 120 months for his Section 4915.1(a)(1) conviction; 27 to 54 months for his Section 4915.1(a)(2) conviction; and 60 to 120 months for his Section 4915.1(a)(3) conviction. The court directed the sentences to run consecutive to any other sentence Appellant was serving at that time.

Appellant, through trial counsel, filed a timely notice of appeal. Trial counsel simultaneously filed a motion to withdraw from representation. The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In lieu of filing a Rule 1925(b) concise statement, trial counsel filed notice of his intention to seek withdrawal under **_Anders_**.[5] On August 18, 2022, this Court entered an order dismissing Appellant's appeal for failure to file an appellate brief.

On June 20, 2023, Appellant, *pro se*, filed a timely petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Appellant argued his prior counsel was ineffective for failing to file an appellate

---

[5] Trial counsel's filing is titled a Pa.R.A.P. 1925(b) concise statement. However, in substance, trial counsel identified claims Appellant wished to raise, stated trial counsel's conclusion that the claims would be frivolous, and requested that trial counsel be permitted to withdraw. The trial court interpreted the filing as an **_Anders_** brief, and entered an order deeming trial counsel's motion to withdraw moot.

brief. The PCRA court appointed Counsel to represent Appellant. Counsel filed a motion to amend Appellant's PCRA petition, asserting ineffective assistance of trial counsel, and requesting reinstatement of Appellant's direct appeal rights, *nunc pro tunc*. The PCRA court granted Counsel's motion to amend. Following a hearing, the PCRA court granted the amended PCRA petition and reinstated Appellant's direct appeal rights, *nunc pro tunc*.

On July 8, 2024, Appellant filed the instant *nunc pro tunc* appeal. The trial court did not order Appellant to file a Rule 1925(b) concise statement. Nevertheless, Counsel filed a Rule 1925(b) concise statement.[6] In its single-page Rule 1925(a) opinion, the trial court stated the ***Anders*** brief failed to raise any substantive errors for review. Rule 1925(a) Opinion, 9/4/24; ***see also id.*** (summarily stating the court "relies on the record").

On September 25, 2024, Counsel filed in this Court an application to withdraw from representation and an ***Anders*** brief. Appellant did not retain separate counsel or file a response raising any additional issues.

We address Counsel's petition to withdraw before considering the issues raised in the ***Anders*** brief. ***See Commonwealth v. Garang***, 9 A.3d 237, 240 (Pa. Super. 2010) ("When presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on

---

[6] Counsel's Rule 1925(b) statement identified the issues Appellant wished to raise on appeal. Counsel additionally stated his intention to seek withdrawal pursuant to ***Anders***.

the request to withdraw." (citation omitted)).  Counsel seeking to withdraw from representation must

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*).  Pursuant to ***Santiago***, counsel must also

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Id.*** (citing ***Santiago***, 978 A.2d at 361).  Once counsel has complied with the procedural requirements, we review the record and render an independent judgment as to whether the appeal is wholly frivolous.  ***See Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Instantly, Counsel filed an ***Anders*** brief and a separate application to withdraw from representation.  In his application to withdraw, Counsel stated he made a conscientious examination of the record and concluded Appellant's appeal is frivolous.  ***See generally*** Application to Withdraw as Counsel, 9/25/24. Additionally, Counsel sent a letter to Appellant that informed him of Counsel's intention to withdraw, and advised Appellant of his right to retain

new counsel or proceed *pro se* to raise additional claims. The record reflects that Counsel furnished Appellant with copies of the application to withdraw and the **Anders** brief. The **Anders** brief summarizes the factual and procedural history of this appeal, identifies the issues Appellant wishes to raise, and explains Counsel's reasons for concluding that the appeal is wholly frivolous. As Counsel has substantially complied with the procedural requirements of **Anders** and **Santiago**, we review the record to determine whether Appellant's appeal is wholly frivolous.

In the **Anders** brief, Counsel presents issues challenging 1) the validity of Appellant's waiver of his right to a jury trial; 2) the sufficiency of the evidence; and 3) the discretionary aspects of Appellant's sentence. **Anders** Brief at v.[7]

First, Appellant claims he unknowingly waived his right to a jury trial. **See id.** at 2-3. Counsel states Appellant failed to preserve this issue by first raising it before the trial court. **Id.**; **see also** Pa.R.A.P. 302(a) (stating an issue cannot be raised for the first time on appeal).

Appellant's issue presents a question of law, over which our standard of review is *de novo*, and our scope of review is plenary. **See generally Commonwealth v. Houck**, 948 A.2d 780, 787 n.17 (Pa. 2008).

---

[7] The Commonwealth did not file an appellate brief.

Both the United States and Pennsylvania Constitutions provide the right to a jury trial. **See** U.S. CONST. amend. VI; PA. CONST. art. 1, § 6. "The [trial] court must examine the waiver of a jury trial carefully since it constitutes a relinquishment of a significant and fundamental constitutional right." **Commonwealth v. Garrison**, 364 A.2d 388, 391 (Pa. Super. 1976). "[T]he presumption must always be against the waiver of a constitutional right." **Commonwealth v. Phillips**, 93 A.3d 847, 852 (Pa. Super. 2014) (citation omitted).

Regarding waiver of a jury trial, Pa.R.Crim.P. 620 provides:

In all cases, the defendant and the attorney for the Commonwealth may waive a jury trial with approval by a judge of the court in which the case is pending, and elect to have the judge try the case without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record. The waiver shall be in writing, made a part of the record, and signed by the defendant, the attorney for the Commonwealth, the judge, and the defendant's attorney as a witness.

Pa.R.Crim.P. 620.

A jury waiver must be knowing and voluntary. **See Houck**, 948 A.2d at 787. Our Supreme Court has explained:

A valid waiver of the right to a jury trial must contain evidence that the accused understood the fundamental essentials of a jury trial which are: 1) that the jury be chosen from members of the community (*i.e.*, a jury of one's peers), 2) that the accused be allowed to participate in the selection of the jury panel, and 3) that the verdict be unanimous.

**Commonwealth v. Miller**, 987 A.2d 638, 660 (Pa. 2009) (citation omitted). Moreover, "the use of a written jury trial waiver form has been deemed

- 8 -

sufficient in the absence of an oral jury trial waiver colloquy."

***Commonwealth v. Mallory***, 941 A.2d 686, 697 (Pa. 2008); ***see also id.***

("[T]he absence of an on-the-record colloquy concerning the fundamentals of

a trial by jury does not prove, in an absolute sense, that a defendant failed to

understand the right he waived by proceeding non-jury."). This Court has

also explained:

> A waiver colloquy is a procedural device; it is not a constitutional
> end or a constitutional "right." Citizens can waive their
> fundamental rights in the absence of a colloquy; indeed, waivers
> can occur by conduct or by implication….

***Commonwealth v. Michaud***, 70 A.3d 862, 870 (Pa. Super. 2013).

Our review of the record discloses the parties appeared for a scheduled

jury selection on January 11, 2022. Appellant appeared via the Polycom

conferencing system. At that time, Appellant waived his right to a jury trial

and requested a bench trial.[8] The trial court entered an order finding

Appellant's jury waiver was intelligently and voluntarily made, and scheduling

the bench trial. Order, 1/18/22. On January 20, 2022, prior to the start of

the scheduled bench trial, Appellant completed and signed a written "Waiver

of Jury Trial." ***See*** Waiver of Jury Trial, 1/20/22.[9]

---

[8] There are no docket entries appearing on this date. There are no transcripts of this conference in the certified record, nor does it appear that transcription was ordered.

[9] The waiver, in its entirety, states:

*(Footnote Continued Next Page)*

Absent relevant transcripts, we are unable to ascertain whether Appellant raised any objection to the jury trial waiver. *See generally Commonwealth v. Lopez*, 57 A.3d 74, 82 (Pa. Super. 2012) (stating, "it is an appellant's duty to ensure that the certified record is complete for purposes of review." (citation and brackets omitted)). As Counsel correctly points out, Appellant did not challenge his jury waiver at any time during the bench trial. "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); *see also Commonwealth v. Spone*, 305 A.3d 602, 609 (Pa. Super. 2023) ("Even issues of constitutional dimension cannot be raised for the first time on appeal."); *Commonwealth v. Gumpert*, 512 A.2d 699, 703 (Pa. Super. 1986) (concluding the appellant's challenge to the trial court's failure to conduct a jury waiver colloquy was not preserved for appellate review, because the appellant did not raise the issue before the trial court).[10] Accordingly, we agree with Counsel's conclusion that

_____

> AND NOW, this 20th day of January, 2022, comes [Appellant] and pleads Not Guilty and with the consent of his attorney, the attorney for the Commonwealth and the approval of the judge, waives a jury trial and elects to be tried by a judge without a jury.

Waiver of Jury Tral, 1/20/22 (emphasis omitted).

[10] The *Gumpert* Court considered a jury waiver under then-effective Pa.R.Crim.P. 1101. Recent unpublished decisions by this Court have continued to apply *Gumpert* under current Rule 620. *See Commonwealth v. Anderson*, 258 A.3d 502, 820-822 MDA 2020 (Pa. Super. 2021) (unpublished memorandum at 6 n.2) (concluding "*Gumpert* remains instructive insofar as it identifies the utility of requiring defendants to raise
*(Footnote Continued Next Page)*

Appellant failed to preserve a challenge to the validity of his jury trial waiver, and that this issue lacks merit and is frivolous.

In his second claim, Appellant contends "the verdict was not supported by the findings of fact." **Anders** Brief at 4. Appellant's claim challenges the sufficiency of the evidence supporting his convictions.

We review challenges to the sufficiency of the evidence with great deference to the credibility determinations of the fact finder:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

_____

issues related to jury waiver colloquies promptly and holds that such claims are not non-waivable under generally applicable procedural principles."); **see also id.** (unpublished memorandum at 7 n.3) (citing as persuasive additional unpublished memoranda finding waiver under **Gumpert**); Pa.R.A.P. 126(b) (providing that non-precedential decisions filed by this Court after May 1, 2019, may be cited for persuasive value).

- 11 -

*Commonwealth v. Gause*, 164 A.3d 532, 540-41 (Pa. Super. 2017) (*en banc*) (citation omitted).

The Crimes Code defines failure to comply with registration requirements as follows:

**§ 4915.1. Failure to comply with registration requirements**

**(a) Offense defined.--**An individual who is subject to registration under 42 Pa.C.S. § 9799.13 (relating to applicability) commits an offense if he knowingly fails to:

(1) register with the Pennsylvania State Police as required under 42 Pa.C.S. § 9799.15 (relating to period of registration), 9799.19 (relating to initial registration) or 9799.25 (relating to verification by sexual offenders and Pennsylvania State Police);

(2) verify his address or be photographed as required under 42 Pa.C.S. § 9799.15, 9799.19 or 9799.25; or

(3) provide accurate information when registering under 42 Pa.C.S. § 9799.15, 9799.19 or 9799.25.

18 Pa.C.S.A. § 4915.1(a).

Section 9799.15 of SORNA outlines registration requirements for convicted sexual offenders based on the "tier" of sexual offenses for which the defendant was convicted. *See* 42 Pa.C.S.A. § 9799.15; *see also id.* § 9799.14 (Sexual offenses and tier system). During this registration period, the offender "shall register with the Pennsylvania State Police" for the specified length of time. *Id.* § 9799.15(a). The registrant must provide certain identifying information, including, *inter alia*, 1) his name; 2) his telephone number; and 3) the address of his intended residence(s). *Id.* § 9799.16(b). The individual must make certain in-person appearances at a

registration site to verify this required information and to be photographed. *Id.* § 9799.15(e). Further, the registrant must "appear in person at an approved registration site within three business days to provide current information" pertaining to any change in, *inter alia*, his contact information or place of residence. *Id.* § 9799.15(g).

To sustain his convictions under 18 Pa.C.S.A. § 4915.1(a), Appellant must have "knowingly fail[ed] to" register with the Pennsylvania State Police, verify his address or be photographed, and provide accurate information when registering. 18 Pa.C.S.A. § 4915.1(a)(1)-(3). Our legislature defines "knowingly" as follows:

> (2) A person acts knowingly with respect to a material element of an offense when:
>
> > (i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and
>
> > (ii) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.

18 Pa.C.S.A. § 302(b)(2). "Therefore, a registrant must be aware that it is practically certain he will fail to report and to verify with the State Police if he fails to do so." *Commonwealth v. Roberts*, 293 A.3d 1221, 1225 (Pa. Super. 2023). This Court has explained, "[i]n most cases, such a failure will be knowing, because a rational actor knows when he fails to do something. The only exceptions would be in cases where a registrant has dementia, is in a coma, or suffers from a similar mental incapacity." *Id.*

At trial, the Commonwealth introduced a certified copy of Appellant's prior conviction, which identified Appellant as a Tier II sexual offender and required Appellant to register with the Pennsylvania State Police for 25 years. *See* Commonwealth's Exhibit 1.

The Commonwealth also presented the testimony of CO Rekich, who works in the processing department of the Butler County Prison. CO Rekich testified that on November 13, 2020, he completed Appellant's processing upon his release from prison. *See* N.T., 1/20/22, at 28-29; *see also id.* at 29-30 (CO Rekich explaining the general processing requirements, including those specific to sexual offenders). CO Rekich further described Appellant's SORNA registration process, during which Appellant identified his address as 214 First Street in Butler. *See id.* at 31, 34; *see also id.* at 34 (CO Rekich explaining that he types the offender's identifying information, including his address, into the form based on the information provided by the offender); Commonwealth's Exhibit 2 (sexual offender registration form). The registration form also includes a photograph of Appellant, which CO Rekich copied into the form from the prison's database. *See* N.T., 1/20/22, at 32; *see also* Commonwealth's Exhibit 2.

The registration form details the offender's registration requirements, including the requirement that a registrant inform the State Police, in person, of any changes to the requisite information within three business days. *See* N.T., 1/20/22, at 37; *id.* at 39 (CO Rekich stating the completed registration

form is made available to the offender); *see also* Commonwealth's Exhibit 2. CO Rekich testified he witnessed Appellant sign the necessary registration forms. *See* N.T., 1/20/22, at 33, 41. CO Rekich also confirmed that Appellant had made changes to his registration information on several other occasions. *See id.* at 37.

Next, the Commonwealth presented the testimony of Butler County Probation Officer Jonathan Kay (PO Kay), who supervised Appellant during his November 2020 pre-trial release. *See id.* at 47; *see also id.* at 50 (clarifying PO Kay was not supervising Appellant in connection with the instant case). Appellant was placed on house arrest with electronic monitoring upon his release from prison. *See id.* at 48. PO Kay met with Appellant on November 16, 2020, to discuss violations of the terms of his supervision. *See id.* at 49-50. Pertinently, Appellant's monitor indicated he was not staying at the 214 First Street residence. *See id.* at 50. During the meeting, PO Kay learned that Appellant was instead living at 701 West New Castle Street. *Id.* at 51; *see also id.* at 52 (PO Kay indicating the monitor showed that Appellant began living at 701 West New Castle Street on the evening of November 13, 2020).

Detective Klopfer testified that he received an investigation request pertaining to Appellant on November 23, 2020. *Id.* at 58-59. The request alleged Appellant was not living at the address listed on his sex offender registration (214 First Street). *Id.* at 59. Detective Klopfer first attempted

to contact Appellant using the phone number provided on the registration, but the number was no longer in service. *Id.* at 60.

Detective Klopfer testified that he contacted Jennifer Fennel, the landlord of the residence at 214 First Street. *See id.* at 60. Ms. Fennel confirmed Appellant was not a tenant in the 214 First Street residence. *Id.*; *see also id.* at 16-18 (Ms. Fennel testifying at trial that she owned a duplex located at 214 First Street; the same two tenants lived at the residence continuously since she purchased it in 2018; there were no vacancies in the duplex in November 2020; and she did not rent or lease the property to Appellant). Detective Klopfer also spoke with the tenants of 214 First Street, Leslie Cornibe and Karen Plesch, both of whom confirmed they did not know Appellant and had never allowed him to stay at that address. *See id.* at 60; *see also id.* at 20-21 (Ms. Cornibe's trial testimony that she has lived at 214 First Street since 2012; she does not know Appellant; and she never allowed Appellant to stay with her as a guest or to sublease her unit); *id.* at 24-5 (Ms. Plesch's trial testimony that she has lived at 214 First Street continuously since 2012; no one else lives with her; she does not know Appellant; and she never allowed Appellant to stay with her as a guest or to sublease her unit). Additionally, Detective Klopfer visited the residence, but he found no evidence that Appellant had been residing there. *See id.* at 61.

Based on his investigation, Detective Klopfer prepared the arrest warrant on December 1, 2020. *See id.* at 61-62; *see also id.* at 62 (clarifying

that as of December 1, 2020, when the arrest warrant was prepared, Appellant's sex offender registration still identified his address as 214 First Street). "Once the warrant was out, Butler County Probation contacted [Detective Klopfer] with a tip" that Appellant was residing at 701 West New Castle Street. *Id.* at 62. On December 7, 2020, Detective Klopfer located Appellant at 701 West New Castle Street and took Appellant into custody. *Id.* at 62-64.

Pennsylvania State Police Corporal Jason Frances (Corporal Frances) testified that Appellant appeared at the State Police barracks on December 8, 2020. *Id.* at 71. Appellant was photographed at that time. *Id.* Appellant notified Corporal Frances of a new address for his residence: 701 New Castle Street, Apartment A. *Id.* at 73. Appellant admitted he began living at that address **25 days earlier**, on November 13, 2020. *Id.* at 73, 79. Corporal Frances input the information Appellant had provided, and Appellant signed the updated registration form. *Id.* at 73-74, 80. Corporal Frances printed a copy of the updated registration form for Appellant. *Id.* at 74; *see also* Commonwealth's Exhibit 3 (sexual offender registration form, updated 12/8/20). Moreover, Corporal Frances reiterated that the registration form clearly states a registrant must notify the State Police, in person, of any changes within three business days. N.T., 1/20/22, at 75.

Appellant also testified in his own defense at trial. Appellant testified that he never identified his address at 214 First Street, and that he does not

know anyone living at that address. *Id.* at 98-99. Instead, Appellant indicated the address where he intended to live, upon release, was 201 New Castle Street. *Id.* at 101. Appellant also denied signing the sexual offender registration form (Commonwealth's Exhibit 1) during his release from prison. *Id.* at 99, 104. Appellant testified that he informed PO Kay of his updated address, which he believed to be sufficient. *Id.* at 102-03.

This evidence, viewed in a light most favorable to the Commonwealth as the verdict winner, is sufficient to sustain Appellant's convictions. Though Appellant denied supplying any registration information during his release from prison, the trial court, as fact finder, was free to reject this testimony in favor of CO Rekich's testimony. *See Gause*, 164 A.3d at 541 ("[T]he finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.") (citation omitted). Even assuming, *arguendo*, that Appellant's post-release address was improperly recorded (214 First Street rather than 201 New Castle Street), Appellant was still required to change his registration information within three business days of his move to 701 New Castle Street. Appellant knowingly failed to do so until 25 days later. The evidence thus sufficiently establishes that Appellant knowingly failed to register with the Pennsylvania State Police, to verify his address, and to provide accurate information when registering. 18 Pa.C.S.A. § 4915.1(a)(1)-(3). As such, Appellant's challenge to the sufficiency of the evidence lacks merit and is frivolous.

In his final issue, Appellant challenges the discretionary aspects of his sentence, **Anders** Brief at 10, from which there is no automatic right to appeal. **Commonwealth v. Mastromarino**, 2 A.3d 581, 585 (Pa. Super. 2010). Instead, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted).

Instantly, Appellant filed a timely notice of appeal. However, Appellant did not preserve his discretionary sentencing claim in a post-sentence motion. Our review of the record reveals that the trial court attached to its sentencing order a form titled "Defendant's Rights at Sentencing," which properly informed Appellant that a post-sentence motion must be filed within 10 days after the imposition of sentence. **See** Sentencing Order, 4/7/22. The form also indicates that Appellant confirmed he was advised of his rights. **See id.** Though Appellant sought reinstatement of his direct appeal rights through his PCRA petition, he did not request permission to file a *nunc pro tunc* post-sentence motion, nor did the trial court expressly permit the filing of a *nunc pro tunc* post-sentence motion.

- 19 -

Moreover, the record reflects the trial court scheduled sentencing for April 7, 2022. *See* Order, 5/15/22. There are no transcripts of the sentencing hearing in the certified record, nor does the docket indicate that Appellant requested that the notes of testimony be transcribed. "[I]t is an appellant's duty to ensure that the certified record is complete for purposes of review." ***Commonwealth v. Lopez***, 57 A.3d 74, 82 (Pa. Super. 2012) (citation omitted); ***see also*** Pa.R.A.P. 1911(a) (requiring an appellant to request and pay for any transcript necessary to permit resolution of issues raised on appeal). In the absence of transcripts from the sentencing hearing, we are unable to ascertain whether Appellant challenged the discretionary aspects of his sentence before the trial court. We therefore are constrained to conclude that Appellant did not preserve this issue. ***See generally Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006) ("[A]ny claims that cannot be resolved in the absence of the necessary transcript … must be deemed waived for the purpose of appellate review."). Accordingly, Appellant's discretionary sentencing claim is waived, and Appellant presents no argument that would overcome this waiver. ***See Commonwealth v. Perzel***, 291 A.3d 38, 48 n.7 (Pa. Super. 2023) (explaining that a discretionary sentencing challenge must be preserved "on the record at the sentencing proceeding after the sentence is imposed or by filing a timely post-sentence motion."). Under ***Anders***, "[a]n issue that is waived is frivolous." ***Commonwealth v. Tukhi***, 149 A.3d 881, 888 (Pa. Super. 2016).

Finally, our independent review discloses no non-frivolous issues that Appellant could raise. We therefore grant Counsel's request to withdraw from his representation of Appellant and affirm Appellant's judgment of sentence.

Counsel's application to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 02/04/2025